UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.                                    Criminal Case No. 4:17cr128

**JONATHAN WOODLEY,**

    Defendant.

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss filed by Defendant Jonathan Woodley ("Defendant"), requesting that the Court dismiss all counts of the indictment. Def.'s Mot. Dismiss 1, ECF No. 20. The indictment charges Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), and five counts of concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts Two through Six). ECF No. 13. Defendant argues that all counts should be dismissed because the alleged facts show that Defendant's conduct exposed the alleged money laundering and did nothing to conceal it. Def.'s Mot. Dismiss 1-2.

### I. Legal Standard

At the motion to dismiss "stage of a criminal case, the indictment allegations are presumed to be true, and the motion

should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations." United States v. Treacy, No. 15-4742, 2017 WL 497674, at *3 (4th Cir. Feb. 7, 2017) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). Thus, a district court may dismiss an indictment before trial based upon "an infirmity of law," but not based upon a determination of facts that will be developed at trial. Id.

Federal Rule of Criminal Procedure 7(c) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Each count "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Id. "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions of the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing United States v. Sutton, 961 F.2d 476, 279 (4th Cir. 1992)).

The Fourth Circuit applies "heightened scrutiny" when reviewing the sufficiency of an indictment challenged prior to the entry of a verdict. United States v. Darby, 37 F.3d 1059,

2

1063 (4th Cir. 1994) (citing United States v. Hooker, 841 F.2d 1225, 1229 (4th Cir. 1998) (en banc)). Nonetheless, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974) (internal quotation marks and citation omitted). An element is necessary or essential if it is "one whose specification ... is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." United States v. Hooker, 841 F.2d 1225, 1231 (4th Cir. 1988) (internal quotation marks and citation omitted) (alteration in original). Where a charging document uses the language of the statute to generally describe the charged offense, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18 (internal quotation marks and citation omitted). The statement of facts in a charging document need not include "detailed allegations," however, because Rule 7(c)(1) contemplates only that the charging document have a "plain, concise, and definite written

3

statement" of the essential facts. United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007).

A court's review of a motion challenging the sufficiency of a charging document "is ordinarily limited to the allegations contained in the indictment." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) (citing United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003) (noting that "courts lack authority to review the sufficiency of evidence supporting an indictment"). A court should not consider "evidence beyond the face of the indictment" because it cannot dismiss an indictment "on a determination of facts that should have been developed at trial." Id. at 415 & n.6. Likewise, a defendant may not challenge the sufficiency of a charging document "on the ground that [it is] not supported by adequate or competent evidence." Costello v. United States, 350 U.S. 359, 364 (1956). Courts reviewing challenges to the sufficiency of an indictment must therefore treat the allegations in the indictment as true. Engle, 676 F.3d at 415. A defendant challenging the sufficiency of his indictment before trial must show that the allegations contained in the indictment, "even if true," fail to state an offense. Engle, 676 F.3d at 415.

## A. Sufficiency in Charging Concealment Money Laundering

Counts Two through Six charge Defendant with concealment money laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i). The Fourth Circuit has interpreted this statute to require:

> (1) the defendant conducted or attempted to conduct a financial transaction having at least a *de minimis* effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a *de minimis* effect on, interstate commerce;
>
> (2) the property that was the subject of the transaction involved the proceeds of specified unlawful activity;
>
> (3) the defendant knew that the property involved represented the proceeds of some form of unlawful activity; and
>
> (4) the defendant knew that the transaction was designed in whole or part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity.

United States v. Kivanc, 714 F.3d 782, 796 (4th Cir. 2013) (citation omitted). The Fourth Circuit has established that the fourth element requires a specific intent to conceal. United States v. Villarini, 238 F.3d 530, 533 (4th Cir. 2001) (citation omitted).

## B. Sufficiency in Charging Conspiracy to Commit Money Laundering

Count One charges Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Fourth Circuit has held that the essential elements of this offense are: "(1) an agreement to commit money laundering existed

between one or more persons; (2) the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy." United States v. Singh, 518 F.3d 236, 248 (4th Cir. 2008).

## II. Discussion

Defendant argues that all counts of the indictment do not sufficiently charge the crimes of concealment money laundering or conspiracy to commit money laundering because all funds allegedly obtained by bank fraud were "transferred into, and withdrawn from, an account with Woodley's name on it." Def.'s Mot. Dismiss 1. With respect to concealment money laundering, Defendant challenges the sufficiency of the fourth essential element of concealment money laundering — that "the defendant knew that the transaction was designed in whole or part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity." With respect to conspiracy to commit money laundering, Defendant challenges the first element — that "an agreement to commit money laundering existed between one or more persons" — on the ground that there was no concealment or attempt to disguise the transaction. Because Defendant only challenges whether the intent to conceal element is sufficiently

6

alleged in the indictment, the Court will only address the indictment's sufficiency regarding this element.

According to Count One of the indictment, Defendant and his co-conspirators were engaged in a scheme to use stolen identities to apply for and obtain personal loans from various financial institutions. Indictment 4, ECF No. 13. The conspirators directed various financial institutions to deposit the loan proceeds into accounts that the conspirators opened at these institutions using the same stolen identifying information. Id. The indictment states that "[t]o conceal the nature, location, source, ownership, and control of these loan proceeds," the conspirators transferred those loan proceeds "via the Internet from the accounts of deposit to accounts issued by the same financial institutions to other conspirators, including WOODLEY." Id. The conspirators then withdrew the transferred loan proceeds from their accounts. Id. The allegations in Counts Two through Six incorporate the allegations of Count One and further state that, when Defendant conducted the charged transactions, he did so (1) knowing that the property involved "represented the proceeds of some form of unlawful activity" and (2) knowing "that the transaction was designed, in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said specified unlawful activity." Id. at 6.

Defendant claims that, on its face, the allegations in the indictment reveal that Defendant's actions "exposed any fraud" and "did nothing to conceal or hide the bank fraud." Def.'s Reply Br. 1, ECF No. 22. His main contention is that, by transferring the loan proceeds into an account opened under his actual name, Defendant failed to in any way conceal the existence of the transferred funds, their source, or his relationship to the funds. Def.'s Br. 1-2, ECF No. 20. Defendant also notes that "[t]here were no unnecessary transactions to separate himself from the source of the funds. Nothing was disguised." Id. at 2. He asserts that the government's theory in this case would extend the money laundering statute to apply to "virtually any financial transactions involving the proceeds of allegedly unlawful activities, a result directly at odds with the text and purpose of the statute." Id. He concludes that "no one can conclude based on the indictment's allegations that Woodley intended to conceal the funds", and consequently all counts must be dismissed. Id.

Defendant argues that United States v. Blankenship, 382 F.3d 1110, 1116 (11th Cir. 2004) demonstrates that the indictment must be dismissed. In Blankenship, a group of defendants were convicted after trial of a variety of federal offenses stemming from an affirmative action fraud scheme they

8

perpetrated regarding federally funded road construction projection. Id. One defendant challenged the sufficiency of the evidence supporting his conviction for money laundering on the ground that he had not concealed or disguised "the nature, the location, the source, the ownership, or the control of the proceeds." Id. at 1128. The only evidence the Government offered at trial pertaining to the purported concealment was that the defendant had deposited fraudulently-obtained funds into an account opened under his true name. Id. at 1129. The Eleventh Circuit reversed the defendant's money laundering conviction, finding that, in the absence of any additional evidence concerning concealment, simply transferring proceeds into an account opened in the defendant's true name could not support a conviction. Id. at 1131.

In the Court's view, Defendant's reliance on Blankenship highlights the defect in Defendant's motion — Defendant's claims go to the sufficiency of the evidence presented at trial and not to the sufficiency of an indictment. Blankenship and other cases like it stand simply for the proposition that a defendant may not be convicted of concealment money laundering when the only evidence offered at trial is the transfer of funds into an account with a defendant's name on it. Blankenship does not, however, speak to the sufficiency of an indictment, and it is telling that Defendant has not been able to cite any case that

9

shows the dismissal of an indictment on a similar ground to Blankenship. It is undisputable that an indictment need not contain competent evidence establishing each element of the offense. Costello, 350 U.S. at 364. An indictment is generally sufficient if it tracks the language of the relevant criminal statute by charging each essential element of the offense. See Hamling v. United States, 418 U.S. at 117. At trial, the government must establish the intent to conceal by evidence, but the indictment need only track the language establishing the essential element in alleging intent to conceal, fairly inform the defendant of the charges against him, and enable him to plead double jeopardy in a subsequent prosecution for the same offenses. Williams, 152 F.3d at 299.

Here, the government has clearly made allegations that, if true and supported by competent evidence at trial, would establish the essential element that the Defendant knew that the charged transactions were designed to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said specified unlawful activity. See Indictment at 4, 6 (noting that Defendant knew the "transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the" loan proceeds, and that "the transactions were designed, in whole or in part, to conceal and disguise the nature, the

10

location, the source, the ownership, and the control of the proceeds of specified unlawful activity."). These specific allegations, in combination with the rest of the indictment, are sufficient to allege the offenses because they track the statutory language regarding intent to conceal, inform the Defendant of the charges against him, and enable him to plead double jeopardy.

While the indictment need not include evidence establishing each element of the charged offense, the Court notes that there is at least one specific factual allegation in the indictment that indicates intent to conceal. The indictment states that the Defendant "transferred the proceeds via the Internet" in order to "conceal the nature, location, source, ownership, and control of these loan proceeds". Indictment 4, ECF No. 13. In a similar case, the Fourth Circuit found that an intent to conceal can be found where a defendant uses a means other than appearing at a financial institution in person in order to transfer funds. See United States v. Hamer, 10 F. App'x 205, 212-13 (4th Cir. 2001) ("Instead of appearing at the bank that issued the card or visiting Western Union in person to receive a cash advance on the fraudulently obtained credit card, Hamer used the phone line that she had established in Douglas's name in South Carolina to call Western Union and request a money transfer to Hamer based upon the credit card in Douglas's name, to be delivered in North

Carolina. Structuring the transaction in this way helped Hamer avoid suspicion because it allowed her to act as if she were both Douglas and Hamer, which she could not have done if she had visited the bank or Western Union in person."). In a similar way, the Defendant's use of the Internet, instead of appearing in person to effectuate the transfer of the loan proceeds, served to disguise his identity from the financial institutions and to reduce the risk of detection. Thus, Defendant's contention — that the indictment fails to reference evidence supporting an intent to conceal — is incorrect; though the Court notes again that the government need not outline detailed evidence in the indictment to support each essential element.

The Court also notes that there are numerous cases in sister circuits in which courts have found that, where a defendant does not attempt to conceal or disguise his <u>identity</u> in a transaction, an intent to conceal can still be established by other evidence. <u>See e.g.,</u> <u>United States v. Marshall</u>, 248 F.3d 525, 539 (6th Cir. 2001) ("The fact that a defendant personally engages in a transaction without trying to disguise his or her identity, however, does not negate the effect of other evidence pointing to an intent to conceal."); <u>United States v. Norman</u>, 143 F.3d 375, 378 (8th Cir. 1998) (holding that there was sufficient evidence to support a finding of intent to disguise or conceal, even though the defendant used

his own name in a transaction and was readily identifiable); United States v. Lovett, 964 F.2d 1029, 1034 (10th Cir. 1992) (same). The types of evidence that are supportive of intent to conceal in such circumstances include: "<u>statements by a defendant probative of intent to conceal</u>; <u>unusual secrecy surrounding the transaction</u>; <u>structuring the transaction in a way to avoid attention</u>; depositing illegal profits in the bank account of a legitimate business; highly irregular features of the transaction; using third parties to conceal the real owner; a series of unusual financial moves cumulating in the transaction; or <u>expert testimony on practices of criminals</u>." Marshall, 248 F.3d at 539 (emphasis added). Defendant's argument for dismissal appears to be that, due to his failure to disguise his identity on his account or to otherwise use unnecessary transactions or third party accounts to disguise or conceal aspects of the transaction, the government can advance no evidence that will establish his intent to conceal, and therefore the indictment is insufficient. The Court disagrees, finding that while the government need not offer all of the types of evidence mentioned above to prove intent to conceal, it clearly has an opportunity to provide many of the above types of evidence at trial to establish Defendant's intent to conceal. Therefore, because an indictment need not include detailed allegations of the facts that tend to prove the essential

elements of an offense, Resendiz-Ponce, 549 U.S. at 109, and because the Court is not convinced that the government could not produce evidence at trial to establish the essential elements of the offenses, the Court finds that allegations in the indictment are sufficient to allege the charged offenses.

In light of the above, the Court finds that the indictment sufficiently alleges conspiracy to commit money laundering (Count One) and concealment money laundering (Counts Two through Six), and therefore **DENIES** Defendant's motion to dismiss the indictment. ECF No. 20.

### III. Conclusion

Because Count One sufficiently alleges a violation of 18 U.S.C. § 1956(h), and Counts Two through Six sufficiently allege violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, the Court **DENIES** Defendant's motion to dismiss the indictment. ECF No. 20.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 7, 2018